UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMINO CAMACHO ACOSTA,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>McEWEN, Warden,<br><br>　　　　　　Respondent. | 1:12-CV-01560 AWI GSA HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE [Doc. #4]<br><br>ORDER DIRECTING PETITIONER TO FILE STATUS REPORT<br><br>[THIRTY DAY DEADLINE] |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On September 12, 2012, Petitioner filed the instant petition regarding his 2009 conviction in Fresno County Superior Court for residential robbery and attempted residential robbery with personal use of a firearm. In addition, certain gang enhancements were found to be true. In this petition, Petitioner presents five claims for relief. He states that three are fully exhausted but concedes that two are unexhausted. Acknowledging that this Court cannot proceed to the merits of the unexhausted claims, he has filed a motion to stay the petition and hold it in abeyance pending exhaustion of his state remedies.

**DISCUSSION**

　　　A district court has discretion to stay a petition which it may validly consider on the merits.

1  Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d
2  981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519
3  U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the
4  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light
5  of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is
6  only appropriate when the district court determines there was good cause for the petitioner's failure
7  to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good
8  cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when
9  his unexhausted claims are plainly meritless." Id.

10          In this case, the Court finds good cause to grant a stay of the petition.  Petitioner states his
11  additional claims were not included on direct review but were only discovered through his
12  investigation following conclusion of direct review.  Petitioner states it took additional time to seek
13  the assistance of a jailhouse lawyer as well as a gang expert.  He has attached copies of various
14  correspondence between himself and investigators, his former defense counsel and his counsel on
15  appeal.  This correspondence demonstrates that Petitioner did not sit on his rights but diligently
16  researched his case and pursued his remedies from the conclusion of direct review until the filing of
17  his federal petition.  Good cause having been shown, the Court will grant a stay of the proceedings so
18  Petitioner can complete exhaustion of the additional claims.

19          However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at
20  277.  Petitioner must proceed diligently to pursue his state court remedies.  He is directed to file a
21  status report within thirty (30) days of the date of service of this Order, and he must file a status
22  report every ninety (90) days thereafter advising the Court of the status of the state court proceedings.
23  Following final action by the state courts, Petitioner will be allowed *thirty (30) days* to file a motion
24  to lift the stay.  Failure to comply with these instructions and time allowances will result in this
25  Court vacating the stay *nunc pro tunc* to the date of this order. Rhines, 544 U.S. at 278.

26                                                          **ORDER**
27          Accordingly, IT IS HEREBY ORDERED that:
28          1. Petitioner's motion to stay the petition and hold the exhausted claims in abeyance is

GRANTED;

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this Order advising the Court of the status of his state court petitions;

4. Petitioner is DIRECTED to file a new status report every ninety (90) days thereafter; and

5. Should Petitioner be denied relief by the California Supreme Court, he will be ALLOWED thirty (30) days time following the final order of the California Supreme Court in which to file a motion to lift the stay and proceed on the initial petition. Failure to comply with these time deadlines will result in vacating the stay *nunc pro tunc* to the date of this Order.

IT IS SO ORDERED.

Dated:   **December 13, 2012**           /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE